UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS                              X

Jonathan Wickers  # 0349-0049

Steven L. Bromley  # 17839-047     VERIFIED CIVIL RIGHTS COMPLAINT

Daniel A. Tufo  # S 094672     PURSUANT TO 42 U.S.C. §1983

_____ # _____

_____ # _____

_____ # _____

_____ # _____

_____ # _____

CIVIL CASE NO._____

CIVIL ACTION

**TRIAL BY JURY DEMMANDED**

ALL OTHER SIMILAR SITUATED INMATES AT THE
ESSEX COUNTY CORRECTIONAL FACILITY
                    PLAINTIFF(S)

          -against-

SHERIFF FRANK COUSINS,
MICHEAL MARKS, SUPERINTENDANT,
COMMONWEALTH OF MASSACHUSETTS,
DOES 1 to 100
                    DEFENDANT(S)          X

## SUBJECT MATTER, JURISDICTION

1)          This cause of action is brought seeking relief in the form of a varified
civil rights complaint pursuant to 42 U.S.C. §1983, for the unconstitutional deprivations,
imposed upon the Plaintiff(s) by the Defendant(s) in their denial of proper access to the
Courts, and Law Library Access.

2)          The District of Massachusetts is the correct venue for this caus of action
as this Honorable Court has Jurisdiction over both the Plaintiff(s) and the Defendant(s)
whom can both be found at the Essex County Correctional Facility, on 20 Manning Road, in
Middleton, Massachusetts, 01949.

## VENUE

3)          The constitutional deprivations occurred and continue to occur at 20
Manning Road, Middleton, Massachusetts, 01949, at the Essex County Correctional Facility,
therefore the District of Massachusetts is the correct venue for this cause of action.

## PRO-SE PLEADING

4)          The Plaintiff(s) pray this Honorable court to construe this cause of action
with the latitude delineated by the United States Supreme Court, in the Court's decision
in **HAINES V. KERNER, 404 U.S. 519. 30 L.Ed.2d, 652, 92 S.Ct 594** by not holding the Pro-Se
actions to the higher standards of a professional legal practitioner.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5)          The Plaintiff(s) have attempted to exhaust their administrative remedies
and have found them to be futile, as in the administration at the Essex County Correctional
Facility refuses to respond to any attempts to file a greivance on this subject matter.

1

6)       Given the Defendant(s) stated inflexibility in this matter, makes
any attempts at an Administrative Remedy completely futile.  The Defendant(s)
have a noted history of denying access to the courts, and Law Library and
have in the past ignored orders of the Courts.

7)       The Plaintiff's have attempted to obtain the proper administrative
remedy forms from the institution, and have been denied the appropriate forms.
"Administrative Remdies need not be exhuasted where those remedies are futile."
(See UNITED STATES V. GOTTI, 755 F.Supp. 1157, (S.D.N.Y. 1992).

## BACKGROUND

8)       The Plaintiff(s) are held in incarceration by color of the United States
of America, by orders of a United States District Court, for alleged crimes, or
offenses in violation of the laws of the United States, and are being held at
The Essex County Correctional Facility, in Middleton, Massachusetts, 01949

9)       The Plaintiff(s) are either sentenced Federal Inmates, or are Pre-Trial
Federal Detainees, being detained before their respective trials before the
United States District Court.

10)      The Plaintiff(s) are either Pro-Se, or are researching their criminal
and civil cases in order to understand the charges filed against them by the
United States, or are pursuing civil action against the United States, or it's
Subsidiaries.

## STATEMENT OF FACTS

!!)      The Defendant(s) allow the Plaintiff(s) Law Library Access only once
per week day for less than (1) one hour per day, In this (1) hour per day the
Plaintiff(s) are unable to properly research their legal pursuits.

12)      The Defendant(s) will not provide the Plaintiff(s) with writing materials
to write their legal notes on, and Indigent inmates, which many of the plaintiff(s)
are, can not afford to purchase these materials from the institution, as the
Defendant(s) insist the Plaintiff(s) do.

13)      The Defendant(s) refuse to allow the Plaintiff(s) unmonitored "Legal
Telephone Calls" to their respective attorneys, and the Defendant(s) have stated
to the Plaintiff(s) that "You have access to a Phone, you can't have an unmonitored
call to your attorney."  In violation of the 1st, 4th, 5th and 6th amendments
of the United States Constitution.

14)      In BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct 1491, the
United States Supreme Court ruled that institutions must provide a minimum
of (12) hours per week to inmates doing legal research.   The United States
Supreme Court's decision in this matter was clear and precise, and is followed
at most other institutions.

15)      The Defendant(s) refuse to follow the Code of Federal Regulations,
which states under 28 C.F.R. §542.11, that an inmate will be afforded meaningful
access to the courts, (Including Law Library Access)

16)      The Defendant(s) have stated to the Plaintiff(s) that they do not have
to follow Federal Law regarding unmonitored legal calls, Law Library Access, and
access to the courts.

17)      The Plaintiff(s) have suffered harm as the result of the Defendant(s)
Unconstitutional denial of access to the Courts, Law Library Access, and Unmonitored
Attorney Client Priviledged "Legal Calls" .   As a result of the Defendant(s)

2

Unconstitutional actions, the Plaintiff(s) have been delayed in the pursuance
of their cases before the Federal Courts, both Civil and Criminal. (See BOUNDS V.
SMITH, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct 1491, (1971)

## MEMORANDUM OF LAW

18)        "Indigent inmates must be provided at state expense with paper and
pen to draft legal documents,"(See BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed.2d
72, 97 S.Ct 1491 (U.S.N.C. 1977); U.S.C.A. Constitution Amenment 14.

19)        "The fundamental Constitutional right of access to the Courts held
to require prison authorites to assist inmates in the preparation and filing of
meaningful legal papers by providong adequate law libraries.." (See YOUNGER V.
GILMORE, 404 U.S. 15, 92 S.Ct 250, 30 L.Ed.2d 142. Pp 1494-1500; BOUNDS V. SMITH,
430 U.S. 817, 52  L.Ed.2d 72, 97 S.Ct 1492.)

20)        "Fundamental constitutional right of access to the Courts requires
prison authorities to assist inmates in preparation and filing of meaningful
legal papers by providing prisoners with adequate law libraries, or adequate
assistance from persons trained in the law." (See 42 U.S.C. §1983; U.S.C.A. Const
Amendment 14; Federal Rules of Civil Procedure, rule 8(a)(1,3); 28 U.S.C.A. §§
753(f), 1915, 2255; U.S. Supreme Court Rules, rule 15,subd. (c), 28 U.S.C.A.;
BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct 1491 (1977).

21)        "Any restriction of rights beyond those which are necessary for
confinement alone, must be justified by a compelling necessity." UNITED STATES
, EX REL. WOLFISH V. LEVI, 439 F.Supp. 114, 124 (1977).

22)        "The State may not interfere with prisoner's access to the Federal
Court."(See BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct 1491 (1977)

23)        "Law Libraries or other forms of legal assistance are needed to give
prisoners a reasonably adequate opportunity to present claimed violations of
fundemental constitutional rights." (See BOUNDS V. SMITH. 430 U.S. 817, 52 L.Ed.
2d 72, 97 S.Ct 1491 Id at Page 5).

24)        "Prison officials to provide indigent inmates with access to a
reasonably adequate law library for preparation of legal actions." (See
WOLFF V. MCDONNELL, 418 U.S. at 578 - 579, 94 S.Ct at 2986.)

26)        "Prisoners have a constitutional right of access to the Courts...
the State and it's officers may not abridge that right." (See EX PARTE HULL,
312 U.S. 546, 61 S.Ct 640, 85 L.Ed 1034(1941); BOUNDS V. SMITH, 430 U.S. 817
, 52 , 97 S.Ct 1491. Id at *1495 (1977).

27)        "States must "assure" the indigent Defendant an adequate opportunity
to present his claims fairly". (See ROSS V. MOFFITT, 417 U.S. at 616, 94 S.Ct
at 2447)

28)        "(M) eaningful access" to the Courts is the touchstone of our Judicial
System."(See ROSS, Id at 611, 612, 615, 94 S.Ct at 2444-2446.)

29)        "Supreme Court's decisions have constistantly required states to
shoulder affirmative obligations to assure all prisoners meaningful access
to the Courts." (See BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed.2d, 72, 97, S.Ct
1491 (1977), Notes [3] [4] [5] [6] [430 U.S. 825].

3

SUMMARY

30)        The Defendant(s) have refused to allow the Plaintiff(s) unmonitored
Legal Calls, in Violation of the first, fourth and fifth amendments of the united
states constitution.    The Plaintiff(s) have a constitutionally protected right
to have "Attorney/Client priviledged" conversations with the Plaintiff(s)
attornies without the Defendant(s) monitoring and recording of the Plaintiff(s)
Attorney/Client Priviledged legal telephone calls.

31)        The Plaintiff(s) have a constitutionally protected right to adequate
and meaningful access to the institution's Law Library.  The Plaintiff(s) are entitled
under several United States Supreme Court rulings, and the Code of Federal Regulations
to a minimum of (12) hours per week law library access.

32)        The Defendant(s) have failed to provide adequate access to the
institution's law library, and legal assistance, and have shown deliberate indifference
to the Plaintiff(s) immediate legal needs.

33)        The Defendant's obstruction of legal access against the Plaintiff(s)
have delayed the Plaintiff(s) Civil, and Criminal process before the the Courts.

34)        The Defendant(s) have with their deliberate denial of access to
legal avenues, obstructed justice, and the judicial process of the Plaintiff(s).

RELIEF REQUESTED

35)        The Plaintiff(s) prays this Honorable Court to grant relief in the
form of a temporary restraining order, to be supplanted by a permanent injunction
against the Defendant(s) deliberate interference with the Plaintiff(s) access to
the Instituttion's Law Library.

33)        The Plaintiff(s) prays this Honorable Court to grant relief in the
form of a temporary restraining order, to be supplanted by a permanent injunction
against the Defendant(s) deliberate interferance with the Plaintiff(s) legal
telephone calls to the Plaintiff(s) respective attorneys, and the Defendant(s) to
provide the Plaintiff(s) with direct dial, unmonitored, and Unrecorded legal
telephone calls in accordance with the forth amendment of the United States
Constitution.

34)        The Plaintiff(s) prays this Honorable Court to grant releife in
the form of monitary damages to the plaintiff(s) from the Defendant(s) for the
Sum of one million dollars ($1,000,000.00) for the Defendant(s) interferance
with the Plaintiff(s) access to the courts, to each Plaintiff, from each Defendant,
in their official capacity.

35)        The Plaintiff(s) Prays this Honorable Court to grant relief in the
form of exemplary damages to each Plaintiff, from the Defendant(s) for the sum
of five million dollars ($5,000,000.00), for the Defendant(s) deliberate indifference
to the Plaintiff(s) constitutionally protected rights with access to the Courts
and Attorney Client Priviledged conversations.

36)        The Plaintiff(s) Prays this Honorable Court to appoint counsel to
prosecute this verified Civil Rights Complaint, pursuant to 42 U.S.C. §1983, as
the Plaintiff(s) are indigent, and have had a great deal of obstruction to their
attempts to access the Courts, and/or a Pro-Bono attorney to represent their claim.

37)        The Plaintiff(s) Prays this Honorable Court to grant relief in the
form of a temporary restraining order, against the Defendant(s) and the employees
of the Defendant(s), against any retaliation by the Defendant(s) for the Plaintiff(s)
filing of this Verified Civil Rights Complaint..

38)        The Plaintiff(s) prays this Honorable Court to grant any and other
such releif as the intrests of justice may require.

We hereby affirm under the penalty of perjury, pursuant to 28 U.S.C. §1746 that:

1)      We are the Plaintiffs in the attached Verified Civil Rights Complaint Pursuant to 42 U.S.C. §1983.

2)      That we have read the attached Civil Rights complaint, and it is true, of our own personal experience and knowledge, except for those matters listed herein as allegations, and as for those matters which are based on knowledge and belief, we believe them to be true.

DATED: 1/18/05                                          Respectfully Submitted,

Jonathan Wickers # 0349-0049          _____ PRO-SE

Steven L. Bromley # 17839-047         _____ PRO-SE

Daniel A. Tufo # S094672              _____ PRO-SE

_____ # _____    _____

_____ # _____    _____

_____ # _____    _____

_____ # _____    _____

_____ # _____    _____

**ALL OTHER SIMILAR SITUATED INMATES AT THE ESSEX COUNTY CORRECTIONAL FACILITY**  PRO-SE