UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| JONATHAN WICKERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-10172-RCL |
| v. | ) | |
| | ) | |
| SHERIFF FRANK COUSINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PROCEDURAL ORDER

For the reasons stated below, the court (1) orders that each named plaintiff sign any pleadings

he wishes the court to file under his name; (2) denies without prejudice the application of plaintiff

Jonathan Wickers to proceed without prepayment of the $150.00 fee assessed for commencing a civil

action; and (3) orders that any plaintiff wishing to remain a party to this action shall, within forty-two

(42) days of the date of this order, submit payment for his portion of the filing fee or an application to

proceed without prepayment of the filing fee with the requisite prison account statement.

BACKGROUND

On January 21, 2005, plaintiffs Jonathan Wickers, Steven L. Bromley, and Daniel A. Tufo, all

currently incarcerated at the Essex County Correctional Facility (the "ECCF") in Middleton,

Massachusetts, filed a civil action in which they allege that they were denied adequate access to the

prison's law library and otherwise denied access to the courts.  Wickers, Bromley, and Tufo each

signed the complaint.  In the case caption and on the signature page of the complaint, the phrase "All

other similar [sic] situated inmates at the Essex County Correctional Facility" follows the names of the

plaintiffs.

The plaintiffs did not submit payment for the $150.00 fee assessed for filing a civil complaint. Plaintiff Wickers filed an application to proceed without prepayment of the filing fee. The application instructs litigants to attach a prison account statement showing all transactions for the six-month period preceding the filing of the lawsuit. Under this instruction, Wickers wrote "un available [sic] at this institution." Plaintiffs Bromley and Tufo did not submit applications to proceed without prepayment of the filing fee.

DISCUSSION

I.     <u>The Plaintiffs in this Action</u>

According to the case caption and signature page of the complaint, Wickers, Bromley, Tufo, and "[a]ll other similar situated inmates at the Essex County Correctional Facility" are plaintiffs in this action. The court infers from the reference to "[a]ll other similar situated inmates" that Wickers, Bromley, and Tufo are attempting to prosecute their claims on behalf of inmates not specifically identified in the complaint. This is not permissible. Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this provision does not allow unlicensed laypeople to represent co-plaintiffs or any other individuals. *See Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d  Cir. 1991); District of Massachusetts Local Rule 83.5.3(c). Thus, each named plaintiff may only litigate his *own* claims.[1]

---

[1]Moreover, to the extent that the named plaintiffs seek certification of a plaintiff class including "[a]ll other similar situated inmates," their *pro se* status would prevent me from approving such a class. A *pro se* litigant cannot be a class representative within the meaning of Rule 23(a)(4) of the Federal Rules of Civil Procedure because he cannot "fairly and adequately protect the interests of the class."

2

For this reason, each individual plaintiff wishing to file a pleading with this court must sign the pleading. *See* Fed. R. Civ. P. 11(a). In other words, if a pleading bears the signature of Wickers, but not that of Bromley or Tufo, the court will consider the pleading to have been filed only by Wicker. If a single copy of a pleading bears the signature of Wickers, Bromley, and Tufo, the court will consider the pleading to have been filed by all three defendants.

II.     <u>Apportionment Between Plaintiffs of the Filing Fee</u>

A party bringing a civil action must either (1) pay the $150.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of

---

Fed. R. Civ. P. 23(a)(4); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Fowler v. Lee*, 2001 WL 1033312 (4th Cir. Sept. 10, 2001) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)) (not selected for publication); *Cahn v. United States*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); *Barth v. Town of Sanford*, 2001 WL 1356157, at *1 (D. Me. Nov. 5, 2001); *Hussein v. Sheraton New York Hotel*, 100 F. Supp. 2d 203, 206 (S.D.N.Y. 2000). Further, I cannot certify a class without appointing counsel. Fed. R. Civ. P. 23(g)(1)(A).

I recognize that the named plaintiffs have asked that the court appoint counsel for them. *See* Compl. ¶ 36. This request, however, is not ripe for disposition because the filing fee has not been paid, summonses have not issued, and the defendants have not been served with the complaint. If they so choose, the plaintiffs may raise the issues of appointment of counsel and class certification at some point after the defendants have filed an answer or responsive pleading. I express no opinion concerning the likelihood of success of such motions.

incarceration showing prison account transactions for the six months prior to the date of the complaint.

The First Circuit has not had an occasion to determine whether multiple prisoner plaintiffs who bring a single action each owe the entire filing fee or whether the fee should be divided amongst them. Circuit courts disagree as to the filing fee requirements in this scenario. *Compare Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004) (assessing full filing fee against each prisoner plaintiff), *and Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (same), *with In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (explaining that each prisoner plaintiff should pay a portion of the fee). The practice of this court has been to equally apportion the filing fee between all plaintiffs. *See, e.g.*, *Gordon v. Maloney*, C.A. No. 03-10205-DPW (D. Mass. July 9, 2003) (Woodlock, J.); *Matthews v. Allen*, C.A. No. 02-11922-RWZ (D. Mass. June 26, 2003) (Zobel, J.). Thus, assuming that Wickers, Bromley, and Tufo each elect to remain plaintiffs in this action, the court will assess each plaintiff $50.00 of the $150.00 filing fee.

II.    Filing of Applications to Proceed Without Prepayment of the Filing Fee

All three plaintiffs shall be granted additional time to file applications to proceed without prepayment of the filing fee and certified prison account statements[2] or to submit payment for their portion of the filing fee.

------

[2]The court contacted the inmate account office at the ECCF and was assured that the office generates the inmate account transaction report mandated by 28 U.S.C. § 1915(a)(2) when an inmate presents a court order, such as this one, requiring the inmate to file a prison account report. Thus, the plaintiffs should not encounter any further administrative barriers to filing certified prison account statements. The court does not, however, condone the ECCF's practice of preventing an inmate from filing an application to proceed *in forma pauperis* that is ready for adjudication at the same time the inmate files his or her complaint.

Thus, each plaintiff that wishes to proceed with this action shall, within forty-two (42) days of the date of this order, either (1) submit $50.00 for partial payment of the $150.00 filing fee; or (2) submit a new application to waive prepayment of the filing fee with a certified account statement for the six-month period immediately preceding the filing of this action.  As to any plaintiff who has not taken one of these actions by the end of the forty-two day period, the court will dismiss this action without prejudice for failure to pay the filing fee.  Any party who wishes to voluntarily withdraw from this case prior to the expiration of the forty-two day period may alert the court of the same.  If necessary, the filing fee shall be reapportioned so that it will be divided equally between the remaining plaintiffs.

Further, the court hereby puts the plaintiffs on notice that, even if they comply with this order and the court grants their respective motions to proceed without prepayment of the filing fee, they will nevertheless be required to pay the full amount of their portion of the filing fee.  *See* 28 U.S.C. § 1915(b)(1)-(2) (prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding *in forma pauperis*).  Based on the information contained in the account statements, the court will direct the appropriate prison official to withdraw initial partial payments from the account of each plaintiff, followed by payments on a continuing monthly basis until each plaintiff has paid in full his portion of the $150.00 filing fee.  *Id.*

## CONCLUSION

For the reasons stated above, the court

(1)     orders that each individual plaintiff sign all pleadings to be filed in his name;

(2)     denies without prejudice the application of plaintiff Wickers to proceed without prepayment of the filing fee; and

(3)    orders that any plaintiff wishing to remain a party to this action shall, within forty-two (42) days of the date of this order, submit payment for his portion of the filing fee or an application to proceed without prepayment of the filing fee with the requisite prison account statement.

The court directs the clerk to send each plaintiff a copy of this order and an application to proceed without prepayment of fees.  The court also directs the clerk to send a copy of this order to the treasurer of the ECCF.

SO ORDERED.

Dated at Boston, Massachusetts, this ___23d_____ day of _____February_____, 2005


                                    _/s/ Reginald C. Lindsay_____
                                    UNITED STATES DISTRICT JUDGE